■ ALVIN OLESH, Respondent, v BARRY D. LERNER, Appellant. [611 NYS2d 293] —In an action to recover damages for, *inter alia,* professional malpractice, the defendant appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), dated September 15, 1992, as (1) granted the plaintiff's motion to compel acceptance of service of his verified reply to the defendant's counterclaims, (2) denied the branch of the defendant's cross motion which is for leave to enter a default judgment in his favor and against the plaintiff on the counterclaims, (3) denied the branch of the defendant's cross motion which is to vacate the plaintiff's demand for a verified bill of particulars, (4) denied the branch of the defendant's cross motion which is to strike the plaintiff's first set of interrogatories, (5) denied the branch of the defendant's cross motion which is for attorneys' fees and for sanctions pursuant to 22 NYCRR part 130, and (6) directed the parties to stipulate to the appointment of a Referee and to provide for the payment of his or her fees and expenses pursuant to CPLR 3104.

Ordered that the order is modified, as a matter of discretion, by deleting the provisions thereof granting the plaintiff's motion; denying the branches of the defendant's cross motion which are for leave to enter a default judgment in his favor and against the plaintiff on the counterclaims, to vacate the plaintiff's demand for a verified bill of particulars, and to strike the plaintiff's first set of interrogatories; and directing the parties to stipulate to the appointment of a Referee and to provide for the payment of his or her fees and expenses pursuant to CPLR 3104; and substituting therefor provisions denying the plaintiff's motion; granting the branches of the defendant's cross motion which are for leave to enter a default judgment in his favor and against the plaintiff on the counterclaims, to vacate the plaintiff's demand for a verified bill of particulars, and to strike the plaintiff's first set of interrogatories; as so modified the order is affirmed insofar as appealed from, with costs to the appellant, and the matter is remitted to the Supreme Court, Nassau County, for a trial on the issue of damages.

The plaintiff commenced the main action against Rabbi Barry Dov Lerner (hereinafter Lerner) and the Old Westbury Hebrew Congregation (hereinafter the Congregation), in October of 1991. Lerner interposed an answer in November of 1991, in which he asserted two counterclaims against the

plaintiff for damages for the intentional infliction of emotional distress and for damages for defamation. After the expiration of the plaintiff's time to serve a reply to the counterclaims, Lerner and the Congregation both moved for summary judgment seeking, *inter alia,* dismissal of all of the claims asserted in the complaint. The plaintiff cross-moved for leave to open his default to permit him to serve a late reply and for certain pre-trial disclosure.

By a decision and order dated June 16, 1992, the Supreme Court granted summary judgment in favor of Lerner and the Congregation dismissing the complaint in its entirety. The Supreme Court also granted them costs and attorneys' fees because it found that several of the plaintiff's causes of action were frivolous and had not been brought in good faith. The Supreme Court severed the counterclaims asserted in Lerner's answer and allowed the plaintiff to serve a late reply within 20 days of the date of entry of its order. Neither party filed a notice of appeal with respect to the June 16, 1992, order.

The order was entered and served on the next day, June 17, 1992, giving the plaintiff until July 8, 1992, to serve a reply. The plaintiff did not serve a reply until July 9, 1992, i.e., the 21st day, and Lerner's attorney refused to accept service of the reply. The plaintiff then moved a second time to compel acceptance of the reply. Lerner cross-moved, *inter alia,* for entry of a default judgment. The court granted the plaintiff's motion, deemed the reply as having been interposed, and denied the cross motion as academic. We disagree.

Although the reply was served only one day late, we find no valid excuse for the plaintiff's default, particularly since the plaintiff had already been given a second opportunity to interpose a timely responsive pleading. More importantly, the plaintiff's purported affidavit of merit is totally inadequate to establish a meritorious defense to the defendant's counterclaims. Under these circumstances, we find that it was an improvident exercise of discretion for the Supreme Court to permit the plaintiff to vacate his default a second time.

In light of this determination, we do not reach the appellant's remaining contentions. Bracken, J. P., Lawrence, Ritter and Pizzuto, JJ., concur.